JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 1996

-----------------------------------x

EXPERIENCE HENDRIX, LLC, RAY VAUGHAN
MUSIC, INC., and RODSONGS,

                                  Plaintiffs,

    -against-

ORCHARD FOODS, INC. and SUZANNE BRADY

                                   Defendants.

-----------------------------------x

Civil Action
No.

**COMPLAINT**

RECEIVED
MAR 21 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs, by their undersigned attorneys, allege:

1.    This is a suit for copyright infringement under Title 17 of the United States Code.

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.    The Plaintiffs named in Column 2* are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5.     On information and belief, defendant Orchard Foods, Inc. ("Orchard Foods"), is a corporation organized under the laws of New York, with a principal place of business at 152 Orchard Street, New York, New York 10002.

6.     At all times hereinafter mentioned Orchard Foods did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Tammany Hall, located at 152 Orchard Street, in New York City.

7.     Musical compositions were and are publicly performed at Tammany Hall.

8.     On information and belief, defendant Suzanne Brady ("Brady" and, together with Orchard Foods, the "Defendants") is an individual with a place of residence in New York, New York.

9.     On information and belief, Brady is a principal and/or officer of Orchard Foods.

10.    At all times hereinafter mentioned, Brady was, and still is, responsible for the control, management, operation, and maintenance of the affairs of Orchard Foods.

11.    At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Tammany Hall, including the right and ability to supervise and control the public performance of musical compositions at Tammany Hall.

12.    Each Defendant derives a direct financial benefit from the public performance of musical compositions at Tammany Hall.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13.    The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a performing rights organization that represents and

protects the rights of its nearly 500,000 members, consisting of songwriters, composers, and music publishers.

14.    Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15.    Since January 2011, ASCAP representatives have made more than 25 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Tammany Hall.  ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16.    ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at Tammany Hall constitute infringement of ASCAP's members' copyrights in their musical works.

17.    Defendants have refused all of ASCAP's license offers for Tammany Hall.

18.    Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Tammany Hall, including the copyrighted works involved in this action, without permission, during the hours that Tammany Hall is open to the public for business and presenting musical entertainment.

19.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20.    The composition named in cause of action 1 was registered as an unpublished composition on the date stated in Column 5, and since the date of registration has been printed and published in strict conformity with Title 17 of the United States Code.

21.  The compositions named in causes of action 2 and 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22.  The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23.  The composition named in cause of action 1 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights.  The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7.  The date and identification number of the renewal certificate are set forth in Column 8.

24.  Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Tammany Hall, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

25.  The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

26.  In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

27.   The many unauthorized performances at Tammany Hall include the performances of the three copyrighted musical compositions upon which this action is based.

28.   At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

29.   The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.   That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.   That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.   That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated:   New York, New York
         March 21, 2014

By: _____
     Richard H. Reimer
     Jackson P. Wagener
     ASCAP
     1900 Broadway
     New York, NY 10023
     (212) 621-6000 (P)
     (212) 787-1381 (F)
     rreimer@ascap.com
     jwagener@ascap.com

     Attorneys for Plaintiffs

# SCHEDULE A

Columns

| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication (or Date of Registration where registered as an unpublished work) | Certificate of Registration | Renewal | Renewal Certificate Date and Number | Date of Known Infringement |
|---|---|---|---|---|---|---|---|---|
| 1 | EXPERIENCE HENDRIX, LLC | LITTLE WING | JIMI HENDRIX | January 9, 1968 | EU 31441 | James A. Hendrix | September 17, 1996 RE 735-894 | July 13, 2013 |
| 2 | RAY VAUGHAN MUSIC, INC. | PRIDE AND JOY | STEVIE RAY VAUGHAN | June 10, 1983 | PA 253-122 | | | July 13, 2013 |
| 3 | RODSONGS | OFF THE WALL | ROD TEMPERTON (Rodney L. Temperton) | August 6, 1979 | PA 47-558 | | | August 3, 2013 |